UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MAINE HUMAN RIGHTS COMMISSION, *et al.*, | ) ) ) ) | |
| Plaintiffs. | ) ) | |
| v. | ) ) | 1:10-cv-00180-JAW |
| COFFEE COUPLE, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION FOR REFERRAL OF DAMAGES HEARING TO MAGISTRATE JUDGE**

On April 1, 2010, Susan Patti, Jessica Page, and Brittany Corliss, and the Maine Human Rights Commission filed an amended complaint in state of Maine court against Coffee Couple, LLC, Calvin Boyle and Karen Boyle.[1] *First Am. Compl.* Attach. 1 (Docket # 1). After the case was removed to this Court, the Boyles and Coffee Couple, LLC, answered the Amended Complaint. *Ans.* (Docket # 11). The Court required the Boyles to file an affidavit to support the appropriateness of their *pro se* answer on behalf of Coffee Couple, LLC and on July 20, 2010, they did so. *Order* (Docket # 12); *Decl. of Coffee Couple, LLC, Calvin Boyle and Karen Boyle* (Docket # 13). On July 21, 2010, the Court struck an earlier default that had been entered against Coffee Couple, LLC. *Order Striking Default* (Docket # 14).

On October 4, 2010, the Maine Human Rights Commission moved to file a second amended complaint to add Michael Larson as a party plaintiff in the pending lawsuit. *Pl. Me. Human Rights Comm'n's Mot. to Am. Compl.* (Docket # 26). The

---

[1] The lawsuit also named Tim Hortons USA, Inc., but on September 13, 2010, the Court dismissed Tim Hortons USA, Inc. *Order* (Docket # 25).

Court granted the motion on October 27, 2010 and on October 28, 2010, the Plaintiffs filed the Second Amended Complaint. *Order Granting Mot to Am.* (Docket # 28); *Second Am. Compl.* (Docket # 29). This time the Defendants did not answer and on December 20, 2010, the Plaintiffs moved for default as to all Plaintiffs. *Req. for Default* (Docket # 30). On January 11, 2011, the Clerk duly entered default. *Order Granting Mot. for Default* (Docket # 31). On January 28, 2011, the Plaintiffs moved for default judgment. *Pls.' Mot. for Default J.* (Docket # 32). On March 21, 2011, the Plaintiffs moved for a referral to the Magistrate Judge for a damages hearing and a recommended decision on the issue of damages. *Mot. Requesting Referral for Referral of Case to Magistrate Judge Kravchuk for Damages Hrg. And Recommended Dec. on the Issue of Damages* (Docket # 33).

In the circumstances of this case, where the Defendants have entered a *pro se* appearance and indicated an intention to defend the lawsuit, the Court is reluctant to enter a default judgment in favor of each of the plaintiffs without a greater assurance that the Defendants have reversed course and decided not to defend the entire lawsuit. In *Coyante v. Puerto Rico Ports Auth.* 105 F.3d 17, 23 (1st Cir. 1997), addressing a similar situation, the First Circuit upheld a district court's refusal to enter a default judgment, noting that a "default judgment is itself a drastic sanction that should be employed only in an extreme situation." (internal citation omitted). The Court's unease is compounded by the fact that the Second Amended Complaint is identical to the First Amended Complaint in all respects as to the original Plaintiffs, adding only an additional Plaintiff. The Defendants'

2

failure to respond to the Second Amended Complaint could reflect their desire not to defend against Michael Larson's claims alone, or it could indicate their desire not to defend at all. This is particularly uncertain in this case, where the Defendants are acting *pro se*, and it is at least an open question whether they were aware that the failure to answer the Second Amended Complaint placed them in danger of a default against all the Plaintiffs.

In this unique circumstance, the Court ORDERS the Plaintiffs to give notice to the Defendants of the damages hearing to make certain that Mr. and Mrs. Boyle and Coffee Couple, LLC are aware of the date, time and place of the damages hearing. The Plaintiffs' notice of the hearing shall be served by registered or certified mail at Defendants' last known address. In addition, the Plaintiffs should make clear in the notice that the damages hearing will be as to all the Plaintiffs, not merely Mr. Larson.

If the Defendants appear at the damages hearing and they indicate a determination to defend the pending lawsuit, the Court can then determine whether they have shown good cause under Federal Rule of Civil Procedure 55(c) to set aside the entry of default. *See Shaw v. 500515 N.B. Ltd.*, 668 F. Supp. 2d 237, 244-45 (D. Me. 2009). But if the Defendants, having been given notice of the damages hearing, fail to attend the hearing, the Court may then proceed forward with the damages hearing as to all Plaintiffs.

The Court DEFERS ruling on the Plaintiffs' Motion for Entry of Default Judgment (Docket # 32). The Court GRANTS the Plaintiffs' motion for referral to

3

the Magistrate Judge to hold the damages hearing and to make a report and recommended decision to the Court on both the question of whether default judgment should be granted and, if so, the amount. *See Fickett v. Golden Eagle Rest.*, No. 1:10-cv-00497-JAW, 2011 U.S. Dist. LEXIS 13869, *3 (D. Me. Feb. 11, 2011).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 25th day March, 2011